IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr490-MHT |
| | ) | (WO) |
| JERMAINE RICARDO DIXON | ) | |
| | ) | |

ORDER

This case is before the court on defendant Jermaine Ricardo Dixon's unopposed motion and amended motion to continue his trial.  For the reasons set forth below, the court finds that jury selection and trial, now set for March 14, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>     public) of the information or indictment, or
>     from the date the defendant has appeared
>     before a judicial officer of the court in
>     which such charge is pending, whichever date
>     last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Dixon in a speedy trial. Defense counsel represents that trial preparation and

2

plea negotiations are ongoing and that plea negotiations have been slowed due in part to the fact that the government's case agent has been out of the state. The government does not oppose the requested continuance. The court finds that a continuance of the trial is therefore necessary to ensure that Dixon can discuss resolving the case without trial and, if necessary, prepare the case for trial.

***

Accordingly, it is ORDERED that:

(1) Defendant Jermaine Ricardo Dixon's motion to continue (Doc. 16) and amended motion to continue (Doc. 17) are granted.

(2) The jury selection and trial for defendant Dixon, now set for March 14, 2022, are reset for June 13, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**The United States Magistrate Judge shall hold a new pretrial conference before the June trial term and shall amend the deadline for filing a notice of change of plea and any other appropriate deadlines.**

**DONE, this the 3rd day of March, 2022.**

                                            **/s/ Myron H. Thompson**
                                        **UNITED STATES DISTRICT JUDGE**